# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER ROBINSON,   )  | |
| ) | CIVIL ACTION NO. |
| **Plaintiff,**   ) | 2:23-cv-01381-NAD |
| ) | |
| v.   ) | |
| ) | |
| SPRING OAKS CAPITAL, LLC;   ) | |
| Fictitious Defendants "A", "B"   ) | |
| and "C",   ) | |
| ) | |
| **Defendants.**   ) | |
| ) | |
| _____   ) | |

## REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on  via telephone 11/10/23.

   **For Plaintiff, Christopher Robinson: John G. Watts, M. Stan Herring, Jr., and Patricia S. Lockhart of Watts and Herring, LLC, 301 19th Street North, Birmingham, Alabama 35203.**

   **For Defendant, Spring Oaks Capital, LLC: Neal D. Moore, III of Christian and Small, LLP, 505 20th Street North, Suite 1800, Birmingham, Alabama 35203,**

2. Initial Disclosures.  The parties will complete by **November 15, 2023**, the initial disclosures required by Rule 26(a)(1).

3. Brief description of the nature of the case: **Plaintiff alleges Defendant violated multiple sections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,** *et seq.* **by failing to report Plaintiff's dispute of the account at issue to the credit reporting agencies to which it furnishes information. Defendant denies Plaintiff's allegations.**

4. Assessment of the complexity of the case: **This case is not complex.**

5. Discovery Plan.  The parties propose this discovery plan:

   a. Discovery will be needed on these subjects:

1

- **By Plaintiff:** Plaintiff's claims and the defenses of each Defendants; The facts and circumstances surrounding each and every affirmative defense of each Defendant and documents relating thereto, and the facts and circumstances surrounding each and every claim of Plaintiff, and documents relating thereto. Any expert testimony identified by any party; Plaintiff will also need discovery including, but not limited, to the following subjects against Defendants: all facts alleged in the complaint and defenses raised, including but not limited to all facts alleged in the complaint and defenses raised, including but not limited to Defendants' credit reporting, Defendants' policies and procedures regarding the Fair Debt Collection Practices Act ("FDCPA"), Defendants' investigation of Plaintiffs' claims, Defendant's communications with any third parties regarding Plaintiff's disputes and past claims and lawsuits against Defendants related to similar claims or disputes, deposition and testimony of expert witnesses and all individuals involved in the dispute process and custodians.

- **By Defendant: Defendant requires discovery as to Plaintiff's communications with Spring Oaks, the factual bases for the claims set forth in Plaintiff's Complaint, the background of the account at issue, communications between Plaintiff and the original creditor, Plaintiff's alleged damage, Plaintiff's alleged theories of recovery, Plaintiff's credit history, Plaintiff's prior disputes, the factual basis for the dispute of the account at issue, Plaintiff's dispute history, and all correspondence between Plaintiff and Defendant.**

b. Commencement of Discovery: **November 15, 2023.**

c. Close of Discovery: **All discovery shall be commenced in time to be completed by May 31, 2024. The parties agree to accept service of discovery requests and responses via electronic mail.**

d. Maximum number of depositions: **ten (10) depositions by each party**.

e. Maximum length of depositions: **seven (7) hours per deposition.**

f. Maximum number of interrogatories: **twenty-five (25)**. Responses to be due thirty (30) days after service.

g. Maximum number of requests for production: **thirty (30).** Responses to be due thirty (30) days after service.

h. Maximum number of requests for admission: **thirty (30).** Responses to be due thirty (30) days after service.

i. Deadline for parties to exchange expert reports:

      a. Expert reports due from Plaintiff by February 2, 2024, to be deposed by March 1, 2024.

      b. Expert reports due from Defendant by April 5, 2024, to be deposed by May 3, 2024.

   j. Deadline for supplementation under Rule 26(e): **May 13, 2023.**

   k. Have the parties reached any agreement for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Federal Rule of Evidence 502? **Defendant asserts the need for a confidentiality/protective order to be entered by the Court to protect against public disclosure of certain confidential and proprietary information which the Defendant anticipates will be requested by the Plaintiff in discovery.**

6. Other Items:

   a. A date if the parties ask to meet with the court before a scheduling order: **The parties do not request a meeting at this time.**

   b. Final date for the plaintiff to amend pleadings or to join parties: **December 15, 2023**.

   c. Final dates for defendant to amend pleadings or to join parties: **January 12, 2024**.

   d. Final date to file dispositive motions: **June 27, 2024.**

   e. Prospects for settlement: **The parties submit that there is possibility for settlement following the completion of discovery.**

   f. Will any alternative dispute resolution procedure enhance settlement prospects? **Unknown at the present time.**

   g. Requested date for pretrial conference: **The parties request a pretrial conference forty-five (45) days before trial.**

   h. Suggested trial date and estimated length of trial: **Trial length is expected to be not more than three (3) days. The parties suggest a trial date of not less than 45 days from the County's entry of a final order on summary judgment.**

   i. Does any party anticipate that it may seek an award of fees from the opposing party? If so, what is the basis for this request? **Plaintiff seeks an award of fees pursuant to §1692k of the Fair Debt Collection Practices Act**.

   j. Other matters:

      **i.**      **Plaintiff's claim is brought under the Fair Debt Collection Practices Act, which is a fee-shifting statute. Plaintiff claims to be entitled to an award of attorneys' fees. Defendant reserves the right to challenge the amount of any attorneys' fees sought by the Plaintiff based on the overall recovery in the case and all circumstances of the litigation and reserves the right to seek fees itself if warranted under the facts, law, and the inherent powers of the Court.**