FILED

2024 Aug-06 PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ROBINSON,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **2:23-cv-01381-AMM** |
| | ) | |
| | ) | **OPPOSED** |
| **v.** | ) | |
| | ) | |
| **SPRING OAKS CAPITAL, LLC;** | ) | |
| **Fictitious Defendants "A", "B"** | ) | |
| **and "C",** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT SPRING OAKS CAPITAL, LLC'S OPPOSED MOTION TO STRIKE CONFIDENTIAL DESIGNATION, AND ALTERNATIVELY, FOR LEAVE TO FILE UNDER SEAL

This Court ordered Plaintiff to produce his fee agreement with his attorneys. Plaintiff produced the fee agreement, but improperly designated it confidential. Because Defendant intends to cite the fee agreement in its motion for summary judgment, Defendant asks the Court to strike the confidential designation. Alternatively, if the Court upholds the confidential designation, Defendant seeks leave to file the fee agreement, and other documents necessary to Defendant's motion for summary judgment, under seal.

**Facts**

## I.      Information at Issue

The Court granted Defendant's Motion to Compel (ECF 26) and ordered Plaintiff to produce his fee agreement with his attorneys. ECF 30. The Court specifically found that the fee agreements are "responsive to the discovery request made by Spring Oaks, relevant to [Plaintiff's] claim against Spring Oaks, and are not protected by attorney-client privilege or the work product doctrine." *Id.* The Court had previously entered a Stipulated Protective Order (ECF 25) in this matter addressing confidential documents and matters, among other things.

On July 12, 2024, Plaintiff's counsel produced three fee agreements responsive to the Order compelling Production. All pages of Plaintiff's production were marked "Confidential – For Attorneys Eyes Only." The unredacted, "Attorneys Eyes Only" copy is being filed under temporary seal as **Rossman Decl. Ex. A**.

## II.      Meet and Confer

On July 17, 2024, Defendant's counsel emailed a letter to Plaintiff's counsel objecting to the confidential designation of the Agreements. Defendant's letter noted that the Agreements contained limited personal identifiers which could be easily redacted to mitigate Plaintiff's confidentiality concerns. Defendant requested that the confidentiality designation be removed and that the documents be redacted in lieu of the confidential designation.

Counsel for the parties met and conferred on July 23, 2024, regarding the confidential designation, and Plaintiff's counsel Mr. Herring indicated that he would propose redactions in lieu of the confidential designation. Having not received a proposal from Plaintiff, via email of July 30, 2024, Defendant's counsel inquired with Plaintiff's counsel, asking again that the confidential designation be removed. Defendant's counsel informed Plaintiff's counsel that Defendant intended to cite the Agreements in its motion for summary judgment. On July 31, Plaintiff's counsel provided a redacted copy of the Agreements, without a confidential designation, offering the use of the redacted copy in its motion for summary judgment.  The redacted version of the Agreements are also filed temporarily under seal as **Rossman Decl. Ex. B.**

However, in addition to restricted identifiers like Plaintiff's phone number, email address, and social security number, which Defendant was amenable to redacting, Plaintiff's counsel redacted key information which was the subject of Defendant's Motion to Compel: eight out of nine lines of text under the heading "***LEGAL FEE***" (the "Information"). Ex. B, p. 4.

Defendant's counsel objected to the redaction of the Information via email of July 31, 2024, and counsel for the parties conducted an additional phone call to further meet and confer. Plaintiff's counsel refused to remove the redaction or confidential designation from the Information. Plaintiff's counsel claimed that the

Information concerned his law firm's "confidential" and "proprietary" fee structure and that disclosing this information publicly could harm the firm by giving its competitors an unfair advantage.

## Argument

Defendant intends to rely on the Information in its motion for summary judgment. Defendant disputes and objects to the designation of the Information as either "Confidential" or "Confidential – For Attorneys Eyes Only" or its redaction. The material at issue is not "confidential" under the Protective Order or any applicable law, and there is no good cause for the restriction on public access, and onerousness, involved with filing the Information under seal. Defendant asks this Court to order that the information at issue be produced without redaction and without a confidential designation.

Alternatively, if the Court finds that the Information is properly designated confidential, and therefore subject to filing under seal, Defendant seeks leave to file its forthcoming motion for summary judgment and attendant papers under seal as required by the Protective Order.

These issues are closely intertwined; if the Court upholds the confidential designation, significant portions of the dispositive motion practice in this case must

be conducted under seal. Therefore, the considerations inherent to sealing the record

may inform the Court's decision as to the confidentiality of the Information.

**A.     The Confidentiality of the Information is Governed by the Protective
       Order.**

The Protective Order acknowledges that confidential information, such as

"trade secrets, proprietary systems, confidential commercial information,

confidential research and development, proprietary information, or other

confidential or sensitive information <u>belonging to Defendant</u> and/or credit and other

confidential information <u>of Plaintiff</u>" may be exchanged throughout discovery."

ECF 25 at 1 (emphasis added). The Protective Order provides that parties may

designate materials as "Confidential" or – if the party has a "reasonable and good

faith belief that" there is a "substantial risk of identifiable harm if particular

documents" designated as merely Confidential were disclosed – designate materials

as "Confidential – Attorneys Eyes Only." *Id*. at 2.

The Protective Order acknowledges that documents designated Confidential

or Confidential – Attorneys Eyes Only must be filed under seal. *Id*. at 2-3. The

Protective Order requires that parties, [i]n so designating such papers, documents or

deposition testimony," shall weigh "the public interest in accessing court documents

against a party's interest in keeping information confidential," and consider factors

including: whether allowing access would impair court functions or harm legitimate

5

privacy interests; the degree and likelihood of injury if made public; the reliability of the information; whether there will be an opportunity to respond to the information; whether the information concerns public officials or public concerns; and the availability of a less onerous alternative to sealing the documents. *Id*. at 3 (citing *Romero v. Drummond*, 480 F. 3d 1234, 1246 (11th Cir. 2007).

The Protective Order states that, in case of any dispute over designation, the "designating Party shall have the burden of proving that the materials constitute 'Confidential' information pursuant to applicable law or as otherwise contemplated herein." *ECF 25*, p. 6 ¶4.

## B. Designating Information Confidential, and Filing Under Seal, Requires Good Cause.

A stipulated protective order designating particular documents as confidential only "postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1307 (11th Cir.2001) (citing *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir.1987)). Even when no third party challenges a motion to seal, the Court must ensure that the motion is supported by good cause. *In re Est. of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002). "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any

6

request to seal the record (or part of it)." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir.1999) (internal citation omitted). The Court should not "rubber stamp" a request (or even a stipulation) to seal the record. *Id*.

It is well established that there is a public interest in access to judicial proceedings.  "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.,* 960 F.2d 1013, 1016 (11th Cir.1992). The operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). "Absent a showing that the interests of non-disclosure outweigh the public's common law right of access, courts often deny even joint motions to seal in civil cases." *Auburn Univ. v. Int'l Bus. Machines Corp.*, No. 3:09-CV-694-MEF, 2010 WL 4053388, at *2 (M.D. Ala. Oct. 14, 2010) (citing *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544 (7th Cir.2002) (denying joint motion to maintain certain documents under seal); *Jaufre ex rel. Jaufre v. Taylor,* 351 F.Supp.2d 514 (E.D.La.2005) (denying joint motion to seal court record); *Stamp v. Overnite Transp. Co.,* No. Civ. A. 96–2320–GTV, 1998 WL 229538 (D.Kan. Apr.10, 1998) (denying joint motion to seal court record)).

This right of access to judicial proceedings does not apply to discovery materials. *Romero,* 480 F.3d at 1245. However, the right of public access does apply to materials obtained in discovery that are filed in connection with dispositive motions, such as a motion for summary judgment. *Chicago Trib. Co.*, 263 F.3d at 1312; *Romero*, 480 F.3d at 1245 ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access").

**C. The Public's Interest in Access to Judicial Proceedings Outweighs Any Potential Damage to Plaintiff or His Attorneys.**

The Protective Order calls for weighing the public interest in accessing court documents against a party's interest in keeping information confidential. ECF 25, p. 2-3. As noted in Defendant's Motion to Compel, Plaintiff's counsel has sued Defendant over a dozen times since August 15, 2023, with at least five cases in the Northern District of Alabama. *See* ECF 26, p. 7-8. Plaintiff's counsel's high volume litigation strategy undoubtedly has an impact on the administration of justice and the efficient operation of the courts and the public has a right to access information about the fee agreements funding this operation. Defendant's Motion to Compel noted that certain behaviors of Plaintiff's counsel mirror those of a credit repair organization. Congress has found that the "business practices of some companies engaged in the business of credit repair services have worked a financial hardship upon consumers[.]" 15 U.S.C. § 1679(a)(2). These factors support a finding that the public

interest in making the Information public outweighs any purported interest in its confidentiality.

**D. The Information at Issue Is Simply Not Confidential.**

The Court has already explicitly found that the information at issue is not privileged. *ECF 30.* Second, the Information does not contain "credit and other confidential information of Plaintiff" as described in the Protective Order. Plaintiff has not identified any applicable law that would justify the designation of this information as confidential.

Defendant understands Plaintiff's counsel to argue the Information was confidential because it covers the case strategy with the client. This argument is unavailing since the Court has already ruled that the Information, as part of Plaintiff's fee agreement with his counsel, is not entitled to work product or attorney-client privilege protection. ECF 30. Plaintiff has identified no other basis under which his purported "case strategy" would be entitled to confidentiality aside from the attorney-client privilege or work product.

Plaintiff's counsel also argues the Information concerns the firm's confidential and proprietary fee structure with clients such that including the Information in the public record would create a substantial risk of harm to the firm and its business practices, by giving its competitors an unfair advantage, and that the

firm's competitors could use the Information to undercut the firm in attempting to sign up clients. This argument also fails. Even as it is characterized by Plaintiff's counsel, the Information does not fall into a category recognized by the Protective Order as potentially confidential. The Protective Order recognizes "trade secrets, proprietary systems, confidential commercial information, confidential research and development, proprietary information, or other confidential or sensitive information belonging to Defendant and/or credit and other confidential information of Plaintiff" as the categories of potentially confidential information. *ECF 30* (emphasis added). Plaintiff's counsel's fee agreement is none of the above. However, even if the Protective Order were read to provide protection for "proprietary information," or "confidential commercial information" for Plaintiff's counsel's law firm, the Information would not qualify.

Defendant is aware of no case holding that an attorney fee agreement is entitled to confidentiality, whether as a commercial secret or proprietary information, or otherwise. To the contrary, many cases establish that attorney fee agreements are not entitled to confidentiality. "The law in this circuit is that matters involving the receipt of fees from a client are not generally privileged." *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982); *In re Grand Jury Proc. 88-9 (MIA)*, 899 F.2d 1039, 1042 (11th Cir. 1990) (stating that identity of a client and the "receipt of fees from a client normally are not privileged"); *In re Grand Jury Proc.*, 517 F.2d

666, 671 (5th Cir. 1975) (holding that "matters involving the receipt of fees" not usually privileged).

Courts have ruled that contingency fee agreements in particular are not only not entitled to confidentiality, but rather, subject to "strict judicial supervision." *Bos. & Me. Corp. v. Sheehan, Phinney, Bass & Green, P.A.,* 778 F.2d 890, 896 (1st Cir.1985); see also *Farmington Dowel Prods. Co. v. Forster Mfg. Co.,* 421 F.2d 61, 87 (1st Cir.1969); *United States v. Overseas Shipholding Grp., Inc.*, 625 F.3d 1, 8 (1st Cir. 2010) (courts have "supervisory authority… to assess the fairness of attorney fee agreements, including contingent fee arrangements").

Additionally, Plaintiff's counsel's contention that the fee agreement should be confidential on the basis of a commercial advantage or trade-secret type protection is untenable. The Agreements produced by Plaintiff in response to the Court's Order Granting Defendant's Motion to Compel include three fee agreements. Rossman Decl. Ex. A; Ex. B.  The Agreements are: (1) An agreement dated June 30, 2021; (2) the agreement containing the Information at issue in the current Motion, dated September 14, 2023; and (3) an agreement dated June 19, 2024. *Id*.

Plaintiff's redacted version of the Agreements (Ex. B) treats the 2023 and 2024 agreements differently, and the difference is telling. The "LEGAL FEE" clause of the 2023 agreement, which contains the Information at issue in this Motion, is

almost entirely redacted. *Id.*, p. 4. The redaction of the "LEGAL FEE" clause of the 2024 agreement is starkly different, with only four small redactions. *Id.* at 7.

Plaintiff's counsel has represented that the redacted paragraph in the 2023 agreement discussed the firm's "confidential" and "proprietary" fee structure with its clients and that its disclosure would allow competitors to undercut its rates. The strength of that argument is diminished by the redactions to the 2024 agreement. The redactions to the 2024 agreement apparently accomplish Plaintiff's counsel's purposes in protecting their "proprietary fee structure" with far fewer redactions, and despite clearly spelling out counsel's hourly rates. The fact that similar terms are treated differently in the proposed redactions suggests that the motivation to prevent the Information from becoming public is not to protect a business advantage.

There is no evidence that Plaintiff's counsel considered their fee agreement to be confidential prior to it becoming a subject of discovery in this case. In a case analyzing whether an employment agreement was entitled to protection as a trade secret, Judge Bowdre recently found that the failure to include a confidentiality provision in the agreement at issue was a "glaring" omission. *Physiotherapy Assocs., Inc. v. ATI Holdings, LLC*, 592 F. Supp. 3d 1032, 1042 (N.D. Ala. 2022), *appeal dismissed*, No. 22-11206-G, 2022 WL 2708913 (11th Cir. May 9, 2022). Here, the Agreements did not contain any requirement that Plaintiff not disclose the terms of the Agreement to others. *Ex. A.* "If an individual discloses his trade secret to others

who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984). While Plaintiff's counsel has not explicitly invoked the protection of a trade secret, the reasoning is analogous to Plaintiff's counsel's claims of "proprietary" and "confidential commercial" information.

The nature of a fee agreement as a creature of a highly regulated profession also works against treating it as proprietary commercial information. The Alabama Supreme Court has found that a trucking company's operations and safety manuals did not qualify as "confidential commercial information," partly because such manuals were "based on regulations applicable to the entire trucking industry." *Ex parte Indus. Warehouse Servs., Inc.*, 262 So. 3d 1180, 1186 (Ala. 2018). The supreme court rejected the trucking company's vague claim that the special way it applied the general regulations constituted a trade secret. The same reasoning is applicable here, where Plaintiff's counsel attempts to assert that the terms of its fee agreement with a client somehow operate to provide the law firm with a commercial advantage. However, attorney fee agreements are highly regulated and all attorneys practicing in a jurisdiction operate under the same regulations applicable to the entire industry.

13

### E. Alternatively, if the Court Finds the Information to be Confidential, the Court Should Grant the Motion to Seal.

Defendant does not believe good cause exists to seal the Information or Defendant's forthcoming Motion for Summary Judgment. However, if the Court determines that the Information is confidential, Defendant will be forced to seal its Memorandum in Support of Motion for Summary Judgment as well as parts of Defendant's forthcoming evidentiary submission that contain or refer to the Information.

The requirements laid out in the Protective Order for sealing have been met, as the parties have met and conferred as required. Defendant understands that Plaintiff does not oppose the filing of the Information under seal so that the Court may consider the unredacted and redacted Agreements regarding this Motion.

### Requested Relief

The Defendant respectfully requests this Honorable Court grant the Motion to Strike the confidentiality designation regarding the Information as the stringent requirements for sealing this Information from the public have not been met.

Alternatively, the Defendant respectfully requests this Honorable Court to allow Defendant to file its Motion for Summary Judgment, and certain evidentiary material, under seal if the requirements for confidentiality are satisfied.

14

In either event, to facilitate compliance with the Court's Initial Order, requiring all references to an evidentiary submission within a motion for summary judgment to be made to a filed document, Defendant requests that the dispositive motion deadline of September 12, 2024, be extended, as necessary, to allow the Court to rule on this motion before Defendant is required to file its evidentiary submission and motion papers.

/s/ Neal D. Moore, III
Neal D. Moore, III
*Attorney for Defendant,*
*Spring Oaks Capital, LLC*

**OF COUNSEL:**
CHRISTIAN & SMALL, LLP
505 20th Street, Suite 1800
Birmingham, Alabama 35203
ndmoore@csattorneys.com

/s/ John K. Rossman
John K. Rossman
*Attorney for Defendant (Admitted Pro Hac Vice)*
*Spring Oaks Capital, LLC*

**OF COUNSEL:**
ROSSMAN ATTORNEY GROUP, PLLC
4628 Bruce Avenue
Edina, Minnesota 55424
John.rossman@rossmanattorneygroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2024, a copy of the foregoing document has been served via electronic filing to the following:

John G. Watts
M. Stan Herring
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
john@wattsherring.com
stan@wattsherring.com

Patricia S. Lockhart
McCarthy Law, PLC
5723 Annandale Lane
Irondale, Alabama 35210
patricialockhartlaw@gmail.com

/s/ Neal D. Moore, III
OF COUNSEL

16

4305014.1