FILED
2024 Aug-21 PM 06:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit "3"




## RE: Robinson v Spring Oaks -- Objection to improper designation

**Stan Herring** <stan@wattsherring.com>  Wed, Jul 31, 2024 at 3:04 PM
To: John Rossman <john.rossman@rossmanattorneygroup.com>
Cc: John Watts <john@wattsherring.com>, Patricia Lockhart <patricia@wattsherring.com>, "Neal D. Moore III" <ndmoore@csattorneys.com>, Gabriela Ruiz Atkisson <gmr@csattorneys.com>, Trevor Johnson <trevor.johnson@rossmanattorneygroup.com>, James Sears <james@wattsherring.com>

John R.,

This is to follow up on our call a few minutes ago.

To confirm our conversation, I understand that you are wanting us to remove the redacted paragraph for our fee agreement dated September 2023.

I informed you that we were not willing to do this as the redacted paragraph covers our case strategy with our client, as well as our firm's confidential and proprietary fee structure with our clients and that making this public record could create a "substantial risk of identifiable harm" to our firm in its business practices. We designated these documents as "Confidential - For Attorney's Eyes Only" as we have a reasonable and good faith belief that our fee structure with our clients being made public could give our business competitors an unfair advantage over us and that they could use that information to undercut us in attempting to sign up clients. To my memory of the call, you did not refute this or explain how such a concern is not a substantial risk of identifiable harm nor a good faith belief.

In fact, when we have asked for contracts between debt collectors and original creditors, they frequently redact the fee structure or amounts paid for the debt they are purchasing based on the same reasoning. And I suspect that if we wanted your fee agreement with Spring Oaks, you would want it kept Confidential based on the same reasoning.

In our call I initially proposed two options moving forward.

The first is that you could file the unredacted documents under seal as the protective order provides for and this would protect us. You did not want to do this as you explain that it would be extremely costly and given your belief that these documents were improperly designated you would intend to move for the costs and fees associated with having to file those documents under seal. Although I recognize that filing documents under seal does require additional time and effort, I do not understand the substantial cost that you are claiming, and you did not elaborate.

Despite your earlier claims that you need the contracts to argue that we are acting as a credit repair organization, you now want to be able to present evidence to the court that our case has no damages and is thus meritless and should be dismissed. While we disagree on the ramifications of the language in our contract, I proposed a second option to accommodate your interest in making this "evidence" a part of your summary judgment without having to file it under seal.

The second option I proposed was that instead of filing the redacted documents, the parties agree to a stipulation. Here is the stipulation we propose:

> Plaintiff, Christopher Robinson, agreed in his fee agreement with counsel prior to filing the lawsuit that the suit was only seeking statutory damages under the Fair Debt Collection Practices Act and that actual damages were not being sought.

To be clear, if the parties agree to the stipulation, then Plaintiff does not agree to filing the redacted contracts, as the stipulation takes care of the fact you wanted to get in front of the court.

Last, we further discussed your position that the documents have been improperly marked as "Confidential - For Attorney's Eyes Only" when just confidential designation would do. As I noted on our call, I did not understand based on your letter dated July 17, 2024, that if we had simply marked these documents as Confidential that might take care of the problem. In reviewing your letter again, I still do not see where you made the distinction between the two and suggested that marking the documents is just Confidential as a way to resolve the issue. And, frankly, I still do not understand that as you would still have to file the documents under seal as I read the protective order. If you read the protective order differently, I would appreciate your letting me know. And, if this is helps us reach a compromise, we are willing to change the designation to just "Confidential."

I also want to address one of your arguments, you have argued in your letter and again on our call today that the Court's order requiring us to provide you with our fee agreements found that the documents were not protected by the attorney-client privilege or the work-product doctrine and thus removed any Confidential protection or designation of those documents. Though we disagree, it seems clear to me that the Court's finding that the fee agreements are not privileged in no way affects our ability to designate them as Confidential or Confidential- Attorneys Eyes Only.

Last, I understand from your emails and our call today that based on our fee agreements, you intend to argue that we have no standing and that the case should be dismissed. I'll remind you that if there is no standing the remedy is that the case should be remanded to state court. If you want to ask the court to remand the case based on standing, you are certainly within your rights to do so.

If you would like to discuss this further or if you have a counter proposal, please let me know.

- Stan
[Quoted text hidden]