UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER ROBINSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:23-cv-1381-AMM |
| | ) |
| **SPRING OAKS CAPITAL LLC,** | ) |
| | ) |
| **Defendant** | ) |

## ORDER

This case is before the court a motion to strike filed by Spring Oaks Capital, LLC ("Spring Oaks") seeking to strike the confidential designation of plaintiff Christopher Robinson's fee agreement with his counsel. Doc. 31 at 1. In the alternative, Spring Oaks "seeks leave to file the fee agreement, and other documents necessary to [its] motion for summary judgment, under seal." *Id.* For the reasons explained below, the motion is **DENIED**.

**I.   BACKGROUND**

Mr. Robinson filed a complaint against Spring Oaks in the Circuit Court of Jefferson County in which he alleged that Spring Oaks reported Mr. Robinson's debt to a credit reporting agency without classifying that debt as disputed in violation of the Fair Debt Collection Practices Act. Doc. 1-1 ¶¶ 12-19. Spring Oaks removed the case to this court. Doc. 1.

1

The parties jointly moved for the entry of a stipulated protective order, Doc. 24, which this court entered, Doc. 25. As relevant here, the protective order governs "confidential information" and permits a party to designate documents or material as "Confidential—Attorneys Eyes Only" "[i]f a producing Party has a reasonable and good faith belief that . . . there is a substantial risk of identifiable harm if particular documents . . . that it designates as 'Confidential' are disclosed to other Parties or non-parties to this action." Doc. 25 at 2.

Later, Spring Oaks moved to compel Mr. Robinson "to produce contracts or agreements with his counsel as it pertains to the terms of representation in this matter, and for any work, consultation, or representation regarding the drafting, preparation or issuance of the September 27, 2022, written communication ('Communication') that forms the sole basis for [this] entire lawsuit." Doc. 26 at 1. This court granted that motion, finding that the agreements were "responsive to the discovery request made by Spring Oaks, relevant to his claim against Spring Oaks, and . . . not protected by attorney-client privilege or the work product doctrine." Doc. 30 at 2.

Mr. Robinson produced three fee agreements with his counsel but designated the documents as "Confidential—Attorneys Eyes Only." Doc. 31-2. Spring Oaks notified Mr. Robinson of its objection to the confidential designation, and, after the parties met and conferred, Mr. Robinson produced redacted versions of the

agreements without the confidential designation. Docs. 38-1–38-3; Doc. 31-3. In the fee agreement relevant here, Mr. Robinson redacted the majority of text underneath the heading "LEGAL FEE." Doc. 31-3.

Shortly thereafter, Spring Oaks moved to strike Mr. Robinson's designation of the fee agreement as "confidential" because it "intends to rely on the [i]nformation [in the legal fee paragraph] in its motion for summary judgment." Doc. 31 at 3–4. In the alternative, Spring Oaks seeks leave to file its motion for summary judgment under seal. *Id.* at 14. The motion is fully briefed. Docs. 38, 42.

## II.   LEGAL STANDARD

A court may seal a filing only for good cause. In this circuit, "[w]hether good cause exists . . . is . . . decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (cleaned up). In deciding whether good cause exists, a district court may consider "whether allowing access would impair court functions or harm legitimate privacy interests, . . . the degree of and likelihood of injury if made public, . . . and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.

## III.   ANALYSIS

Spring Oaks moves this court to strike Mr. Robinson's designation of the fee agreement as confidential on the grounds that "[t]he material at issue is not 'confidential' under the Protective Order or any applicable law, and there is no good

3

cause for the restriction on public access, and onerousness, involved with filing the [i]nformation under seal." Doc. 31 at 4. Mr. Robinson argues that the confidential designation of the fee agreement is appropriate "given the nature of the information, which includes proprietary fee structures and case strategy crucial to Plaintiff's legal representation." Doc. 38 at 5–6.

Spring Oaks has indicated that it "intends to cite the fee agreement in its motion for summary judgment," Doc. 31 at 1, and "material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right" of access absent a showing of "good cause," *Romero*, 480 F.3d at 1245 (cleaned up).

Mr. Robinson asserts that if the fee agreement is not redacted or sealed, its "proprietary fee structures" will be "exposed" and its legal strategy will be "undermin[ed]." Doc. 38 at 8. But "[t]here is a presumptive right of public access to pretrial motions of a nondiscovery nature . . . and the material filed in connection therewith." *Romero*, 480 F.3d at 1246 (internal quotation marks omitted) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)). The court finds that the "nature and character" of the information contained in the fee agreement does not involve a "privacy interest[]" or a "degree or likelihood of injury" that is sufficient to overcome the presumption in favor of the common law right of access. *Id.*

Mr. Robinson's designation of a document as "confidential" does not bind the court. Therefore, the court need not strike the confidential designation in order for the documents to be publicly filed. And the protective order does not require that the documents be sealed—only that Spring Oaks seek leave to seal them, which Spring Oaks has done.

## IV.   CONCLUSION

The motion to strike the confidential designation of the fee agreement and, alternatively, for leave to file the motion for summary judgment under seal is **DENIED**.

**DONE** and **ORDERED** this 9th day of October, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE