

FILED

2024 Oct-29  PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ROBINSON,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **2:23-cv-01381-AMM** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SPRING OAKS CAPITAL, LLC;** | ) | |
| **Fictitious Defendants "A", "B"** | ) | |
| **and "C",** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANT SPRING OAKS CAPITAL, LLC'S RESPONSE TO PLAINTIFF'S (1) EMERGENCY MOTION FOR COURT TO ORDER DEFENDANT TO SHOW CAUSE <u>AND</u> (2) MOTION FOR STAY ON BRIEFING SUMMARY JUDGMENT MOTIONS, AND REQUEST FOR ADDITIONAL TIME TO REPLY IF NECESSARY**

On Monday, October 28, 2024, Plaintiff's counsel filed an "emergency" motion requesting: (1) the Court order Defendant to "show cause as to why this Court has subject matter jurisdiction" (ECF 50, p. 4); and (2) the Court stay the dispositive motion briefing schedule. *Id.* at 6. Pursuant to the Court's October 29, 2024 Order (ECF 51), Defendant's response to Plaintiff's emergency motions are due by November 5, 2024.  Defendant submits the herein response and, if needed, submits its request for additional time to respond to Plaintiff's motion.   Defendant

believes the emergency motion is not an emergency at all, and Plaintiff is not entitled to the relief requested.   However, should this Honorable Court find Plaintiff is entitled to the show cause order, Defendant asks for 30 days to fully brief the issue. Plaintiff's argument that his FDCPA claim has no damages when an Article III judge looks at it, yet the same FDCPA claim is ripe with damages when an Alabama Circuit Court Judge looks at is, is a contention that misapprehends the law and has precedential effect for several other claims filed by Plaintiff's counsel that are, now it seems, equally devoid of real damages.

## The Nature of the Emergency

The nature of the emergency seems to be Plaintiff's realization that Defendant contends he has no real damages and therefore cannot prevail in his lawsuit.  If a party has no damages then the party cannot satisfy one of the fundamental aspects of any personal injury claim.  In the present case, because the FDCPA allows for statutory damages as well as actual damages, some have argued the former can substitute for the latter.  Not so.  If, during the course of discovery, the facts show the Plaintiff's allegations of harm are illusory or non-existent, an "emergency" is not created by asserting this lack of harm as a defense to recovery.  Nowhere is this more true than when 1) the Defendant has steadfastly maintained this potential defense, and 2) where the Plaintiff stipulated to his lawyers when he hired them that he had no actual damages.  Of course, Plaintiff's counsel has always been aware of

Defendant's contentions regarding damages – there is nothing new or exigent about this.  However, <u>only</u> Plaintiff's counsel knew his client was proceeding in Federal Court having explicitly waived his claim to actual damages, until the contract was produced by Court Order.  Plaintiff cannot claim it is an emergency to be aware of his own position.

The present "emergency" motion is filed more than one year after this case was removed to federal court (October 13, 2023, *see* ECF 1), months after written discovery was concluded, months after depositions were conducted of the Plaintiff and Defendant, months after Defendant was forced to file a successful motion to compel Plaintiff to produce discovery (*see* ECF 19, 26, 28, 29), and mere days before responsive briefs are due in connection with the cross motions for summary judgment in this matter (*see* ECF 45, 48).  If Plaintiff agrees he has no real damages, and hopes to prevail only on statutory damages, as per his contract, then he has known this from the date of removal but has kept quiet litigated this case in Federal Court through discovery, including depositions, a discovery motion, and his own partial motion for summary judgment in this Court (ECF 45).

Though Defendant only recently learned of Plaintiff's "damages concession" in his contract with his counsel, Plaintiff has been aware of Defendant's potential challenge to damages from the earliest stages of the case.  Defendant first asserted Plaintiff's lack of damages as a bar to recovery in its Answer, filed on October 16,

2023. ECF 3, p. 6 ("Plaintiff has suffered no damages from the alleged conduct and/or violations of law by Spring Oaks, which Spring Oaks denies, and is not entitled to any award of damages, attorneys' fees, costs, and/or other expenses or relief").

Plaintiff's lack of a concrete and particularized injury was revealed through discovery. As described in Defendant's summary judgment brief, at the time of removal, Defendant believed that Plaintiff was asserting <u>actual</u> damages. ECF 45, p. 17 n. 3. The Plaintiff of course knew he was not, but that information was only revealed, once again, through discovery.  Oddly, despite Plaintiff agreeing with his counsel only to sue for statutory damages, he claimed in his responses to interrogatories, served on March 5, 2024, and Plaintiff's deposition on April 23, 2024, he endured <u>actual</u> damages, such as mental anguish and emotional distress. *See, e.g.,* ECF 44-2, p. 12 (Plaintiff testifies to "damages like depression and anxiety from y'all saying I owed money"); ECF 44-2, p. 146 (Plaintiff's Answer to Interrogatory No. 6, which asks Plaintiff to "itemize with particularity all damages alleged by Plaintiff," states that Plaintiff "suffered mental anguish and emotional distress").

As discovery concluded in this matter, Defendant moved to compel the production of Plaintiff's attorney fee agreements. ECF 26. In support of this motion, Defendant argued that the fee agreements would be relevant to the Court's

evaluation of Plaintiff's claims of harm and standing. *Id*. at 10. Plaintiff acknowledged Defendant's argument in its response. ECF 28, p. 14.  However, only after this Court compelled Plaintiff to disclose the fee agreements (ECF 30), and the agreements were subsequently produced on July 12, 2024 (see ECF 31, p. 2), did Defendant learn that Plaintiff agreed in writing that he had no actual damages, that this litigation sought only statutory damages, and that Plaintiff had assigned away to his counsel any right to "all other funds awarded." *See* ECF 45, p. 18.

Without actual damages, Plaintiff's lawsuit has no merit. Defendant clearly communicated its argument about Plaintiff's lack of damages to Plaintiff's counsel well in advance of filing its motion for summary judgment. *See* ECF 38-1 (July 30, 2024 email to Plaintiff's counsel noting that the fee agreements "confirm in writing that Plaintiff has no damages or standing in this matter").  Presumably this created an "emergency" four months later.  Defendant also asks this Honorable Court to consider the tremendous amount of time and money Defendant has devoted to defending a case where, all along, Plaintiff knew he had disavowed actual harm in his contract, yet testified to such damages nonetheless.  This is to say nothing of the judicial resources consumed.

According to Plaintiff's emergency motion, Defendant has "directly refuted this Court's authority to hear this matter on jurisdictional grounds" by making the argument that Plaintiff lacks actual damages, and therefore lacks standing, ECF 50,

p. 6. Importantly, Plaintiff's emergency motion does not concede that he has no actual damages, but simply asserts that Defendant's *argument* itself serves to destroy the Court's jurisdiction.  To the contrary – this Honorable Court has jurisdiction to hear this purported FDCPA dispute.  If it turns out Plaintiff's claim fails because he has no standing to pursue the claim since he was never harmed, then the remedy is dismissal, not remand. What is being remanded?  A suit devoid of merit.  Plaintiff's request for a show cause order misunderstands the issue.  If Plaintiff has no actual, viable damages, the show cause issue becomes how or why suit was filed to begin with.

Accordingly, Defendant opposes Plaintiff's emergency motion and respectfully requests that this Court deny the request to order Defendant to show cause and deny the request to stay the dispositive motion briefing schedule.  This Court is fully vested with the authority to hear FDCPA disputes, and to evaluate the legal merits of the same.  If Plaintiff has no damages, and no standing, he loses.

## Alternative Request for Additional Time

In the alternative, if this Honorable Court does not summarily deny both of Plaintiff's motions, Defendant would consent to the request for a stay of the summary judgment briefing schedule but respectfully request that the Court enter an Order allowing Defendant <u>30 days</u> to file an opposition to Plaintiff's motions.  The position Plaintiff takes is untenable and worth scrutiny.  If Plaintiff contends he has

damages, then this Honorable Court is authorized to judge the merits of that claim and enter an order on the merits of this case.  If Plaintiff contends he does not have damages, how can he prevail in any court in America?

Defendant believes Plaintiff misunderstands the issues and his mischaracterizations of the fundamental concept of standing may have ramifications applicable to other Fair Debt Collection Practices Act litigation pending in this District.  It appears Plaintiff believes he can file a lawsuit under a federal statute wherein he has no damages sufficient to create Article III standing, yet he has plenty of damages to pursue the same claim in state court under the same federal statute. Plaintiff is wrong, and part of his misconception stems from the analysis of damages, and standing, in FDCPA cases that provides for a statutory award of up to $1,000.00 in addition to, but not independent from, actual damages.

Defendant seeks sufficient time to prepare a thorough and complete response that fully addresses Plaintiff's misunderstandings and any inquiries this Court may have.  Plaintiff's failure to prove damages in this case does not rob this Honorable Court of jurisdiction to hear it.  It simply empowers this Honorable Court to dismiss it.  If this Honorable Court is inclined to grant the emergency motion, the Defendant respectfully asks for 30 days to fully brief Plaintiff's damages proposition.

Respectfully submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
*Attorney for Defendant,*
*Spring Oaks Capital, LLC*

**OF COUNSEL:**
CHRISTIAN & SMALL, LLP
505 20th Street, Suite 1800
Birmingham, Alabama 35203
ndmoore@csattorneys.com

/s/ John K. Rossman
John K. Rossman
*Attorney for Defendant (Admitted Pro Hac Vice)*
*Spring Oaks Capital, LLC*

**OF COUNSEL:**
ROSSMAN ATTORNEY GROUP, PLLC
4628 Bruce Avenue
Edina, Minnesota 55424
John.rossman@rossmanattorneygroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2024, a copy of the foregoing document

has been served via electronic filing to the following:

John G. Watts
M. Stan Herring
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
john@wattsherring.com
stan@wattsherring.com

Patricia S. Lockhart
McCarthy Law, PLC
5723 Annandale Lane
Irondale, Alabama 35210
patricialockhartlaw@gmail.com


/s/ Neal D. Moore, III
OF COUNSEL