IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ROBINSON, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 2:23-cv-01381-AMM |
| | ) | |
| v. | ) | |
| | ) | |
| SPRING OAKS CAPITAL, LLC; | ) | |
| Fictitious Defendants "A", "B" | ) | |
| and "C", | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SPRING OAKS CAPITAL, LLC'S <u>SUPPLEMENTAL</u> RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR THE COURT TO ORDER DEFENDANT TO SHOW CAUSE**

On Monday, October 28, 2024, Plaintiff's counsel filed "emergency" motions requesting: (1) the Court order Defendant to "show cause as to why this Court has subject matter jurisdiction" (ECF 50, p. 4); and (2) the Court stay the dispositive motion briefing schedule. *Id.* at 6. The Court ordered that any response be filed by November 5, 2024. ECF 51. Defendant filed a response on October 29, 2024. ECF 52. Defendant (ECF 53) and Plaintiff (ECF 54 & 55) filed their respective responses to the pending cross-motions for summary judgment on November 1, 2024. To address the issues of damages and standing raised in Plaintiff's Response in

1

Opposition to Defendant's Motion for Summary Judgment (ECF 55), Defendant files this Supplemental Response to Plaintiff's Emergency Motion.

In consideration of Plaintiff's opposition to Defendant's Motion for Summary Judgment (ECF 55) ("Plaintiff's Opposition") Defendant will concede Plaintiff has created a triable issue regarding damages when the evidence is viewed in a light most favorable to the non-moving party. Plaintiff seemingly concedes removal was appropriate based on the averments in the Complaint, and with Plaintiff's "developed" damages, Defendant agrees that the issue of damages should go to the jury. Therefore, this Court has jurisdiction to rule on the additional arguments in favor of summary judgment proffered in Defendant's Motion for Summary Judgment. *See* ECF 45.

### The Nature of Plaintiff's Alleged Damages

The Complaint in this matter makes a facially sufficient allegation of damages, justifying its removal to this Court. *See* ECF 1-1, ¶¶20-22; p. 13 ( "The conduct of the Defendant has proximately caused Plaintiff damages," seeking "all damages allowable"); ECF 55, p. 8 (Plaintiff's Brief: "Plaintiff's claims in his Complaint are not limited to just statutory damages"); ECF 45, p. 17, n. 3 (Defendant's Brief, explaining that at time of removal, Defendant believed Plaintiff to be asserting actual damages). At the pleading stage, general allegations of injury

may suffice to establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

In responses to written discovery and in his deposition testimony, Plaintiff testified of his alleged actual damages, including stress, anxiety, lost sleep, and mental anguish. *See, e.g.,* ECF 44-2, p. 13 (Robinson Dep., 39:16-21 (testimony regarding depression and anxiety)); p. 146 (Plaintiff's responses to written discovery alleging mental anguish and emotional distress). *See also* ECF 55, p. 11 (Plaintiff's brief summarizing evidence of actual damages). Plaintiff also testified that he was denied credit as a result of Spring Oaks' credit reporting. ECF 44-2, p. 20 (Robinson Dep., 62:5-20).

Conversely, Plaintiff's fee agreement with his lawyers (which this Court compelled Plaintiff to produce) seemed to reveal the opposite: Plaintiff had assigned away "any right" to non-statutory damages to his lawyers and acknowledged that he was only seeking statutory damages in this litigation. ECF 44-3, p. 1. Based on the unequivocal language of the fee agreement disclaiming actual damages ("this is not a case where actual damages are being sought") (*id.*), and legally contracting away his ability to recover for any such damages (*id.*), Defendant reasonably included its "standing" argument in its motion for summary judgment. *See* ECF 45, p. 18 (Defendant's summary judgment brief arguing that "Plaintiff has assigned 'any right' to 'all other funds' awarded beyond statutory damages to his attorneys [and

3

therefore], even if Plaintiff is deemed to have alleged actual damages, … [a] favorable decision from the Court would not provide Plaintiff is any redress since Plaintiff has abandoned any right to obtain redress for these damages").

In response, Plaintiff filed his "emergency" motion, arguing that Defendant's attacks on Plaintiff's damages destroyed the Court's jurisdiction but simultaneously, and ambiguously, not conceding that he had no actual damages. ECF 50 (claiming that Defendant's standing *argument* destroyed jurisdiction); *see also* ECF 52, p. 6. Plaintiff has presumably always maintained a claim for "actual damages," but for some reason contracted with his attorneys to refrain from pursuing his claim for actual damages. Plaintiff and his counsel further sought "developing" the actual damages argument in discovery and depositions, knowing Plaintiff had agreed with his counsel not to sue for such damages, and then arguing in opposition to summary judgment that Plaintiff has always claimed actual damages. It is not a straight arrow.

On November 1, 2024, Plaintiff responded to Defendant's motion for summary judgment. ECF 55. In Plaintiff's Opposition, he argues that he has, in fact, "put forth sufficient evidence of actual damages." *Id*. at 21; 36 ("Robinson has demonstrated sufficient actual damages"). In support of this claim, Plaintiff points to a "subsequent fee agreement," executed on June 19, 2024, (nearly two months after Plaintiff testified to actual damages in his deposition on April 23, 2024 but more tellingly, executed two days **after** Defendant filed its motion to compel

4

production of the original fee agreement) that changed the fee agreement to account for "splitting" the "total recovery" and "removing the language that the lawsuit was for statutory damages only." *Id*. at 10, 11; ECF 54-1.  Presumably the new contract is consistent with the original Complaint, whereas the first contract (in which Plaintiff refused to seek actual damages) was not, because as Plaintiff explains:

> Finally, Plaintiff's claims **in his Complaint** are not limited to just statutory damages, but Plaintiff claimed damages generally and "all damages allowable" **thereby allowing Defendant to invoke this Court's jurisdiction upon removal on the basis that Plaintiff claims statutory and "actual damages"**. (emphasis added).

ECF 55, p. 11.

Plaintiff argues that the new contract with his attorneys was executed after "discovery developed and emotional distress damage evidence was developed," "reflecting these damages being sought." *Id.* at 12.  It is unclear when the Plaintiff himself knew he had suffered more than statutory damages.  Presumably Plaintiff was always claiming actual damages based on the argument quoted above, though it is hard to reconcile such a claim with the first fee agreement, or Plaintiff's argument that actual damages were only developed in discovery.

Put differently, whatever "actual damages" Plaintiff had, he had before he filed his lawsuit.  But before Plaintiff filed this lawsuit, he agreed in writing with his attorneys that he would not seek actual damages, for some reason.  Nonetheless, Plaintiff filed a lawsuit that his lawyers contend always sought those very damages.

However, evidence of the actual damages were only developed – the implication being they were only "discovered" - later in written discovery and during Plaintiff's deposition on April 23, 2024.  On June 19, 2024, a new contract was signed by Plaintiff and his attorneys <u>just days after</u> Defendant filed a motion to compel production of first fee agreement Plaintiff had with his counsel.  This new fee agreement between Plaintiff and his attorneys set forth a different fee sharing arrangement to reflect the "newly developed" damages.  Please note that Plaintiff had always sought actual damages per the Complaint.  But Plaintiff was not claiming actual damages per his first fee agreement with his attorneys – which was only produced to the Defendants after an Order compelling production, and after a second contract had been signed.  And if "actual" damages were always sought by Plaintiff in the first complaint, then why was the second fee agreement needed, or perhaps, why was the first fee agreement limiting the Plaintiff to less than his actual harm.

**This Court has jurisdiction over Plaintiff's FDCPA claims.**

As it pertains to Plaintiff's new position on damages, in a light most favorable to him, the Defendant agrees Plaintiff's Opposition clarifies his shifting position. There is no dispute that Defendant properly removed this matter, which facially alleges a federal question and invokes this Court's original jurisdiction, to federal court. Plaintiff asserted that Defendant's conduct "proximately caused Plaintiff damages" and sought "all damages allowable" and, at the pleading stage, Plaintiff's

general allegations of harm were sufficient to establish standing. ECF 1-1, ¶¶20-22; p. 13; *Lujan*, 504 U.S. at 561. Since then, Plaintiff has offered testimony, if believed, that lends specificity and concreteness to his claims, alleging in deposition testimony and written discovery that he suffered denial of credit, emotional distress, and mental anguish as a result of Spring Oaks' reporting. *See, e.g.,* ECF 44-2, p. 13; p. 20; p. 146. While Plaintiff's original fee agreement with his attorneys disclaimed actual damages, he now claims that the fee agreement was superseded by the June 19, 2024, fee agreement which incorporates actual damages claims. ECF 55, p. 12.

Plaintiff represents that the June 19, 2024, fee agreement superseded the earlier fee agreement that disclaimed actual damages, undercutting Defendant's argument that actual damages, and the justiciability thereof had been contractually waived by Plaintiff's fee agreement. In considering Defendant's motion for summary judgment, standing relies on the facts "averred," *Lujan*, 504 U.S. at 561, and the Court should accept Plaintiff's version of the facts as true and afford all reasonable inferences to Plaintiff. *Carter v. Cap. Link Mgmt. LLC*, 614 F. Supp. 3d 1038, 1042 (N.D. Ala. 2022) (*citing Sconiers v. Lockhart*, 946 F.3d 1256, 1260 (11th Cir. 2020)). In light of Plaintiff's clarified position that he is asserting a claim for actual damages, Defendant agrees that Plaintiff alleges sufficient facts to maintain standing, and even to create a fact issue that could preclude summary judgment on the issue of damages. The extent of actual damages is a controverted question of

material fact, it will be for the jury's consideration. Defendant will maintain its motion for summary judgment on the basis that Defendant did not, as a matter of law, violate the Fair Debt Collection Practices Act, and seek the Court's leave to modify Defendant's motion for summary judgment accordingly to remove the section seeking dismissal due to lack of standing.

## Conclusion

Defendant agrees, in light of the representations by Plaintiff in his Opposition to Defendant's Summary Judgment, that his allegations of damages create a genuine issue of fact to survive summary judgment and should be presented to a jury for their consideration as well. To the extent required, Defendant withdraws its Summary Judgment arguments regarding standing and submits there is no basis for Plaintiff to seek remand. This Honorable Court is empowered to hear, and should hear, this case to its conclusion.

WHEREFORE, PREMISES CONSIDERED, The Defendant respectfully requests this Honorable Court to DENY Plaintiff's Emergency Motion and to allow, if required, the Defendant to file a partial withdrawal of its Motion for Summary Judgment as it pertains to standing.

Respectfully submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
*Attorney for Defendant,*
*Spring Oaks Capital, LLC*

**OF COUNSEL:**
CHRISTIAN & SMALL, LLP
505 20th Street, Suite 1800
Birmingham, Alabama 35203
ndmoore@csattorneys.com

/s/ John K. Rossman
John K. Rossman
*Attorney for Defendant (Admitted Pro Hac Vice)*
*Spring Oaks Capital, LLC*

**OF COUNSEL:**
ROSSMAN ATTORNEY GROUP, PLLC
4628 Bruce Avenue
Edina, Minnesota 55424
John.rossman@rossmanattorneygroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2024, a copy of the foregoing document has been served via electronic filing to the following:

John G. Watts
M. Stan Herring
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
john@wattsherring.com
stan@wattsherring.com

Patricia S. Lockhart
McCarthy Law, PLC
5723 Annandale Lane
Irondale, Alabama 35210
patricialockhartlaw@gmail.com

/s/ Neal D. Moore, III
OF COUNSEL

4367522.1