# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ROBINSON,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| Plaintiff, | ) | **2:23-cv-01381-AMM** |
| | ) | |
| | ) | **ORAL ARGUMENT** |
| v. | ) | **REQUESTED** |
| | ) | |
| **SPRING OAKS CAPITAL, LLC;** | ) | |
| Fictitious Defendants "A", "B" | ) | |
| and "C", | ) | **OPPOSED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT SPRING OAKS CAPITAL, LLC'S
## NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ITS MOTION
## FOR SUMMARY JUDGMENT

Defendant Spring Oaks Capital, LLC ("Spring Oaks") submits this Notice of Supplemental Authority in support of its Motion for Summary Judgment (ECF 45).

In its principal brief (ECF 45) and reply brief (ECF 59), and in its Opposition (ECF 53) to Plaintiff's Motion for Partial Summary Judgment, Spring Oaks cited *Wood v. Sec. Credit Servs., LLC*, No. 20-C-2369, 2023 WL 3614919 (N.D. Ill. May 23, 2023). Spring Oaks noted that an appeal was pending in the Seventh Circuit Court of Appeals. ECF 45, p. 31; ECF 53, p. 17.

1

On January 28, 2025, the Seventh Circuit decided the appeal, reversing the district court's grant of summary judgment to the defendant and remanding, finding that genuine issues of material fact precluded summary judgment. *See Wood v. Sec. Credit Servs., LLC*, No. 23-2071, ___ F.4th ___, 2025 WL 314383, at *9 (7th Cir. Jan. 28, 2025).

**Citations to *Wood* in the record before this Court**

In its briefing, Spring Oaks argues that the evidence before this Honorable Court shows that Spring Oaks' reporting was limited to the dispute codes themselves—i.e., "XB" and "XH"—and that the 'remarks' included on Plaintiff's credit report, such as "previously disputed" and "now resolved," are not attributable to Spring Oaks. *See, e.g.* ECF 45, pp. 26, 28–29. Spring Oaks cited the district court's ruling in *Wood* in connection with Spring Oaks' argument, made "<u>alternatively</u>," that "even if" Spring Oaks had communicated the 'remarks' language, such reporting still would not violate 15 U.S.C. § 1692e(8). *See id.*, p. 30. In support of that alternative argument, Spring Oaks cited the *Wood* district court's holdings (1) that "when a debt collector investigates a dispute and communicates the results to the consumer, the dispute is resolved unless the consumer indicates that it disagrees with the results" (*see id.*, p. 31–32), and (2) that there was no authority for the proposition that a debt collector's obligation to report a debt as disputed lasts indefinitely. *Id.* In Spring Oaks' reply brief, *Wood* was cited to counter Plaintiff's

position that a dispute, designed to be irresolvable, can persist into eternity. *See* ECF 59, p. 13. Spring Oaks cited *Wood* in support of the same points in opposition to Plaintiff's summary judgment motion. ECF 53, pp. 17, 23.

### Impact of the Seventh Circuit's Opinion

Because *Wood* is factually distinct from the case at hand and the legal issues presented are not directly on point, and because it was cited in support of Spring Oaks' alternative argument, *Wood* had, and has, limited impact on the case at hand. While the circuit court does "disagree with the district court's conclusion that Wood's claim fails because his silence after PenFed's letter was an indication that he no longer disputed the debt," (2025 WL 314383 at *5), the court specifically observed that it was "unsurprising" that the record did not contain evidence of "industry practice or legal authority indicating that silence in response to a similar letter should be treated as agreement" because that's not what *Wood* is about. *Id*. ("That's unsurprising when one considers what this case is about").

In *Wood*, the plaintiff never presented a dispute to the defendant, but rather to its predecessor in interest (PenFed). Accordingly, the heart of the Seventh Circuit's opinion, which analyzes whether the defendant "knew or should have known" about the plaintiff's dispute to PenFed, is not relevant here.  Specifically, Robinson does not allege in the case *sub judice* that he made any dispute to the original creditor or that he articulated a dispute to any third party other than Defendant Spring Oaks.

3

Moreover, the *Wood* defendant did not report <u>any</u> dispute code before the lawsuit was filed. In contrast, Spring Oaks reported the dispute codes XB and XH on Robinson's account and thus the distinction between, and the meanings of, dispute codes XB and XH were not at issue. In *Wood,* original creditor PenFed (who was not a party to the litigation) had reported dispute code XH after completing its investigation. It was apparently undisputed before the district court that PenFed "uses the XH code when a debtor previously disputed a debt but the debt collector's investigation resolved the dispute." 2023 WL 3614919 at *1; 2025 WL 314383 at *1 (stating XH code was used by PenFed "for accounts previously disputed but then resolved by an investigation"). That is not the case here, where the record before the Court proves that Spring Oaks, by reporting dispute code XH on Plaintiff's account, reported <u>only</u> that the account was disputed and Spring Oaks has completed its investigation. *See* ECF 45, p. 28 (At "no time did Spring Oaks communicate that the dispute was 'now resolved'" and "The XH code is a dispute code that indicates that" Spring Oaks "has completed its investigation").

Additionally, the circuit court's decision in *Wood* does not shed light on the particular issue presented here, where Plaintiff's lawyers attempted to engineer an everlasting and irresolvable dispute. Such a dispute is divorced from the commonsense textual understanding of what an FCRA or FDCPA "dispute" is: a means for consumers to verify that information being reported about them is correct.

4

*See, e.g.,* 15 U.S.C. § 1692g(b) (stating that debt collector shall cease collection activities *until the debt collector obtains verification of the debt* and such verification is provided to the consumer). Plaintiff's dispute here is nothing of the kind, since it explicitly denies a desire to obtain, verify or correct information. The dispute in *Wood*, on the other hand, was a dispute as contemplated by the FDCPA and/or FCRA, as it stated that the notice "is a request for information only" and an "attempt to correct your records."[1]

## Conclusion

*Wood* does not apply to Spring Oaks' principal argument that it accurately reported Plaintiff's dispute using the dispute codes XB and XH and that at no time did the credit reporting of Spring Oaks include the "now resolved" and "previously" language allegedly appearing on Plaintiff's credit report.

Crucially, the Seventh Circuit cites to no cases in *Wood* or otherwise supporting the contention of Plaintiff in the present case that once a debtor disputes a debt, the debt collector's obligation to report a debt as disputed lasts indefinitely. Plaintiff cannot identify authority supporting his scheme to purportedly create a dispute that is impossible to resolve.

---

[1] A copy of the *Wood* dispute letter is attached. The letter is publicly available on PACER as part of the record considered by the district court in *Wood*. *See* 2023 WL 3614919 at *1 (citing PenFed's response at docket entry101-2). The Court may take judicial notice of such records, which are not considered for the truth of the statements asserted within the record but simply to determine what statements the documents actually contain. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 n.10 (11th Cir. 1999).

                                        Respectfully submitted,

                                        /s/ Neal D. Moore, III
                                        Neal D. Moore, III
                                        *Attorney for Defendant,*
                                        *Spring Oaks Capital, LLC*

**OF COUNSEL:**
CHRISTIAN & SMALL, LLP
505 20th Street, Suite 1800
Birmingham, Alabama 35203
ndmoore@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2025, a copy of the foregoing document was served via electronic filing:

John G. Watts
M. Stan Herring
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
john@wattsherring.com
stan@wattsherring.com

Patricia S. Lockhart
McCarthy Law, PLC
5723 Annandale Lane
Irondale, Alabama 35210
patricialockhartlaw@gmail.com

                                        /s/ Neal D. Moore, III
                                        OF COUNSEL

# CREDIT LAW CENTER
## Notice new address

4041 NE Lakewood Way Ste 140
Lee's Summit, MO 64064
Phone (816) 994-4600 Fax (855) 523-5900

April 26, 2017

Pentagon Federal Credit Union
Po Box 1432
Alexandria, VA 22313-2032

Client Name: Michael Wood
Account(s) to be validated:
SSN: ▇▇▇▇0043
DOB: ▇▇1976
Address: 207 E Ohio St Apt 389

To Whom It May Concern:

My law firm has been retained to represent Michael Wood in regard to the above listed account. This letter is being sent to you in response to a listing on my client's credit report. Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681.

This letter is sent in accordance with our representation so that we can rectify this situation amicably before any further actions are required by either party. We are requesting that you review your current reporting practices affecting my client. My client requests that the negative discrepancies on their report be deleted immediately. As they may not be purposeful, removing them at this time will obviate any need for further action by my office.

Please note that, for the purposes of 15 USC 1692 et seq., this Notice has the same effect as a dispute to the validity of the alleged debt and a dispute to the validity of your claims. This Notice is an attempt to correct your records, and any information received from you will be collected as evidence should further action be necessary. This is a request for information only, and is not a statement, election, or waiver of status. Please contact my office with any questions or concerns.

Respectfully,

Thomas A. Addleman

Attorney at Law

TA/kj
cc: Michael Wood